IN THE CIRCUIT COURT OF DESHA COUNTY
CIVIL DIVISION

TORRIE SIRMON                                              PLAINTIFF

VS.                    CASE NO. 21ACV-22-114

CITY OF MCGHEE, and JEFF OWYOUNG, Individually;
and, in his Official Capacity, as Mayor                    DEFENDANTS

## COMPLAINT

COMES the Plaintiff, **TORRIE SIRMON**, by and through counsel, Luther Sutter of **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

### PARTIES AND JURISDICTION

1.     Plaintiff, Torrie Sirmon, at all relevant time periods, was a resident and citizen of Desha County, Arkansas, who is employed by Defendant in Arkansas.

2.     Defendant, City of McGhee, is a public entity employing more than 50 in Arkansas, whose Mayor is Defendant, Jeff Owyoung. All actions were taken under color of law.

3.     These claims are brought pursuant to the both the constitutional and employment provisions of the Arkansas Civil Rights Act, 16-123-108 and constitutional violations under ACA 16-123-105 AND 42 USC 1983, Title VII of the Civil Rights Act of 1963, as amended. Jurisdiction and venue are proper as Plaintiff and all Defendants either reside in this County, and the facts giving rise to this action occurred in this County. Defendant, City of McGhee, was Plaintiff's supervisor and failed to promote her. He is sued for retaliation under the ACRA for violation of ACA 16-123-108, as well as for his constitutional violation under ACA 16-123-105 and 42 USC 1983. All actions were under color of law.

## GENERAL ALLEGATIONS OF FACT AND LAW

4. Ms. Sirmon is a female Firefighter and Paramedic for the City of McGehee. She is a Firefighter I and II. She applied for the Fire Chief position who was the most qualified candidate.

5. In January of 2017, McGehee got a new Fire Chief, Ricky Perry. Plaintiff applied for the position but was not hired because she is a female in violation of the Equal Protection Clause, Title VII, and the ACRA. Mr. Perry was not, and is not, a Firefighter I and II, which are qualifications for the job.

6. Ms. Sirmon, and the other female Firefighter/EMT immediately began to see that they would be subjected to gender discrimination.

7. Ms. Sirmon had applied for a promotion, and was passed over in favor of a male with less seniority and fewer credentials. Thus, each Defendant has failed to promote the Plaintiff because she is a woman.

8. She previously filed a charge with the EEOC, back on January 26, 2017. The other woman filed a similar charge one (1) week later. She has received her Right to Sue Letter and filed her prior action within ninety (90) days of receiving her Right to Sue Letter.

9. The environment became even more hostile on February 9, 2017, three (3) days after the City was notified by the EEOC of the charges the women had filed. The new Chief had a big meeting and changed the women's schedules, their assigned fire stations, their assigned living quarters, and made them start using a bathroom with the men, remembering that Firefighters live in the stations while on duty.

10. Ms. Sirmon went to the Mayor. He said he would make the men clean the bathroom. That was not done. Ms. Sirmon went back to him and showed him the photos. He told her, "It looks better to me, those are probably stains."

11. Former male partners refused to work with either woman. The other woman quit. Ms. Sirmon stayed, and amended her EEOC charge to include retaliation. She was given a new partner - a green female straight out of EMT school whose experience was in pest control. The new woman cannot help Ms. Sirmon lift large patients, which means they always have to call for lift assistance, delaying ambulance transport of the patient to the hospital.

12. Ms. Sirmon has asked for another partner. Chief Perry said no men want to work with her, and "You believe in women's rights - why do you have a problem working with a woman?" This was said in a demeaning and hostile manner; and the Mayor ratified this conduct and made additional negative comments.

13. In an effort to move on, Plaintiff settled her claims against the Defendant, but even though the Plaintiff filed a lawsuit against the Defendants in this Court, and the City defaulted, the Defendants continued their illegal conduct, so Plaintiff filed yet another charge with the EEOC. See *Exhibit "A."*

## COUNT I – GENDER DISCRIMINATION

14. Plaintiff re-alleges the foregoing paragraphs, as though fully stated herein.

15. Plaintiff has received her Right to Sue Letter and now timely files this action within ninety (90) days of her receipt of a Right to Sue Letter.

16. Defendants have promoted lesser qualified males over the Plaintiff. By virtue of the facts alleged herein, Defendant, City of McGehee, has discriminated against Plaintiff based

on her gender and is sued under 42 USC 1983 for violation of the Equal Protection Clause, Title VII and the ACRA.

17. As a direct result of Defendants' conduct, Plaintiff has lost wages, endured mental, emotional, and physical suffering, lost fringe benefits, had negative references, and incurred medical bills, entitling her to compensatory damages.

18. Defendants have acted in intentional, malicious, and willful violation of the law, meriting punitive damages.

### COUNT II – RETALIATION

19. Plaintiff re-alleges the foregoing paragraphs, as though fully stated herein.

20. Defendants have promoted lesser qualified individuals over the Plaintiff in the three (3) years preceding the filing of this lawsuit. None of these individuals filed a lawsuit or an EEOC charge.

21. Defendants have retaliated against Plaintiff for filing an EEOC charge and a lawsuit. All Defendants are sued under the ACRA, Title VII, Section 16-123-105 and 108, as well as under 42 USC 1983 for violation of Plaintiff's First Amendment rights and the right to remonstrate under the Arkansas Constitution.

22. As a direct result of Defendants' conduct, Plaintiff has lost wages, endured mental, emotional, and physical suffering, lost fringe benefits, had negative references, and incurred medical bills, entitling her to compensatory damages.

23. Defendants have acted in intentional, malicious, and willful violation of the law, meriting punitive damages.

**WHEREFORE**, Plaintiff, **TORRIE SIRMON**, prays for punitive damages and compensatory damages; for her mental, emotional, and physical suffering, in excess of

Exhibit A

$75,000.00; back pay; for an injunction requiring Defendants to take appropriate steps to address the hostile work environment, for an injunction requiring Defendants to promote Plaintiff or provide her front pay or reinstatement; for a trial by jury; for reasonable attorneys' fees, for costs; and for all other just and proper relief.

Respectfully Submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
310 West Conway Street
P.O. Box 2012
Benton, Arkansas 72018
(501) 315-1910 Telephone
(501) 315-1916 Fax

BY: /s/ *Luther Oneal Sutter*

Luther Sutter, Ark. Bar #95031

Exhibit A